# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

PARAGON INSURANCE
HOLDINGS, LLC,

    Plaintiff,

v.                                             Case No. 2:25-CV-54-SPC-KCD

CHRISTIAN PHILLIPS,

    Defendant.

_____

## FORENSIC EXAMINATION ORDER AS TO DEFENDANT CHRISTIAN PHILLIPS

WHEREAS Plaintiff Paragon Insurance Holdings, LLC ("Paragon") and Defendant Christian Phillips ("Phillips") desire to have an expedited independent forensic examination of electronically stored information ("ESI") in the possession, custody, or control of Phillips, hereby stipulate to and petition the Court to enter the following Stipulated Forensic Examination Order ("Forensic Order"):

    **1.**    **Definitions.**  For purposes of this Forensic Order:

    **1.1**    "**Electronic Media**" means any electronic or digital device or account that is or was at any time after June 1, 2024, in Phillips' possession, custody, or control that contains or contained Potentially Relevant ESI, such as: computers; laptops; tablets; smartphones; burner phones; dumb phones; networks; servers; email accounts; cloud storage accounts (e.g. iCloud, Google Drive, DropBox); text and short messaging applications (e.g. SMS, MMS, iMessage, Signal, WhatsApp, Telegram, SnapChat, Slack, Discord); social media

accounts (e.g. Twitter, Facebook, Linkedin); hard drives; backup drives; flash drives; and CD/DVDs. "Electronic Media" does not include devices or accounts within Paragon's possession, custody, or control.

     **1.2**    "**Potentially Relevant ESI**" means ESI within the scope of permissible discovery as provided within Federal Rule of Civil Procedure 26 that Paragon contends to be trade secrets or "Confidential Information" (as defined in Phillips' Employment Agreement).

     **1.3**    A "**Forensic Collection**" or to "**Forensically Collect**" means to copy ESI from Electronic Media in a manner that captures and preserves, to the extent technologically feasible, all original data and associated metadata of the Electronic Media. Forensic Collection may take the form of mirror imaging (i.e. a bit-for-bit copy of all ESI including any unallocated space or embedded, residual, or deleted ESI) or logical extraction if mirror imaging is impracticable.

     **1.4**    "**Remediation,**" "**remediate**" and "**remediated,**" as used herein, means the targeted segregation, deletion, destruction, or other form of irrevocable and irremediable removal of ESI, such that the ESI is not accessible for use, copying, or disclosure.

     **2.**    **Appointment of Independent Expert.** An independent expert (or vendor) qualified in digital forensics and electronic discovery shall be appointed to conduct the forensic examination as follows:

     **2.1**    Counsel for Paragon and Phillips met to confer on the selection on the selection of the expert. The parties agreed on the appointment of Jim Watt of Beam Computer Forensics, LLC, as the Court's expert.

     **2.2**    At all times, the expert shall remain neutral and independent of the parties, and shall avoid conflicts of interest. Thus, to the extent that the expert has direct or indirect access to information protected by attorney-client privilege, the work product doctrine, or other privilege or legally-recognized

protection from discovery, such disclosure will not result in any waiver of privilege or protection. Furthermore, the expert shall be prohibited from engaging in *ex parte* communications, except with the written approval of any party not present or party to such communication.

      2.3    The expert shall acknowledge that they will be bound by the Confidentiality Agreement and Protective Order (the "Protective Order") executed between the parties, and be bound to the Protective Order as modified herein. The expert shall be allowed to engage or hire other outside support as necessary to comply with this Forensic Order, so long as the outside support also signs and agrees to be bound by the Protective Order as modified herein.

      2.4    Neither party may subpoena the expert in connection with this action without the agreement of all parties.

      3.    **Identification of Electronic Media.**  Within three (3) business days after the expert's appointment, as provided in Section 2, Phillips shall provide the expert and Paragon a list or lists identifying all his Electronic Media. Phillips' list shall identify each Electronic Media by type, and whether a forensic image of each Electronic Media has been previously collected at the direction of his counsel, and if so, identify the name of the company which collected the forensic image. For any forensic images of Electronic Media that have or are in the process of being collected at the direction of Phillips' counsel as of the date of this Order, counsel for Phillips shall provide to counsel for Paragon documentation sufficient to identify evidence sufficient to lay an evidentiary foundation for the identification and chain of custody of each device and forensic image collected, unless stipulated otherwise between the parties. For any physical Electronic Media (e.g. computers, smartphones, etc.), Phillips' list shall provide the current or last known location and, to the extent available, its manufacturer, model, and serial number. For account-based Electronic Media (e.g. email accounts, cloud accounts, texting or

social media accounts, etc.), Phillips' list shall include the account name and service provider. If any Electronic Media that contained Potentially Relevant ESI is no longer within Phillips' possession, custody, or control, Phillips' list shall state so, describe the timing and circumstances of its disposition, and identify all back-up or alternative sources from which the same Potentially Relevant ESI may be recovered.

      **4.**    **Collection of Electronic Media.** Phillips' Electronic Media shall be subject to Forensic Collection as follows:

      **4.1**    The parties or the expert may request the Forensic Collection of any Electronic Media that is identified pursuant to Section 3 above unless the Electronic Media has already been Forensically Collected. Any Electronic Media that has already been Forensically Collected by Phillips or Phillips' counsel or agent shall be submitted to the expert. The parties also may request by motion the Forensic Collection of any Electronic Media that Phillips does not identify upon a showing of good cause to the Court that such Electronic Media contains Potentially Relevant ESI.

      **4.2**    Phillips shall promptly make the Electronic Media requested pursuant to Section 4.1 available to the expert, and the expert shall Forensically Collect the Electronic Media. Phillips shall provide the expert with any passwords, access credentials, release authorizations, or other information necessary to complete the Forensic Collection or to process the ESI for search and potential production or remediation as provided herein, but the expert shall not disclose such passwords or access credentials to any other entity or person.

      **4.3**    The expert shall promptly return any physical Electronic Media to the producing party after completing its Forensic Collection and/or its remediation as provided in Section 6 below.

**4.4** The expert shall maintain the Forensically Collected ESI in a secure location and shall not produce copies of the Forensically Collected ESI, or any subset of such ESI, to anyone else except as required to comply with this Forensic Order. All ESI that has been Forensically Collected and/or produced pursuant to this Forensic Order shall be treated by the expert and any receiving parties as if Phillips had designated them CONFIDENTIAL and subject to the Confidentiality Agreement and Protective Order or, upon specific designation by Phillips, as HIGHLY CONFIDENTIAL.

**5.** **Search for ESI.** Any ESI that was Forensically Collected by the expert or provided to the expert pursuant to Section 4.1 shall be subject to a search for Potentially Relevant ESI as follows:

**5.1** Paragon shall provide to Phillips a list of proposed search criteria (*e.g.* searches by keywords, phrases, custodians, date ranges, metadata fields, file types, or any combination thereof) reasonably tailored to return Potentially Relevant ESI. The parties will endeavor to design search criteria to not unduly infringe into privileged information, including work product, attorney-client privileged information, and information protected by the common interest privilege.

**5.2** Within three (3) business days of receiving Paragon's proposed search criteria, Phillips shall state with specificity any objections he has to the proposed search criteria and promptly meet and confer with counsel for the requesting party to attempt to resolve the objection(s). If the parties cannot reach an agreement regarding the disputed search criteria, the parties may submit the disputed search criteria and objections to the Court and the Court will render a decision consistent with the applicable Rules and Court orders.

**5.3** Any search criteria to which Phillips did not timely and specifically object, to which the Parties mutually agreed, or that this Court ordered

to be used shall be submitted to the expert. The expert shall apply the search criteria on the collected ESI and, at Phillips' request, either: (A) provide counsel for all parties with a search report that identifies the number of documents or hits returned by each search criteria and unique hit counts ("Hit Report"); (B) submit the search results to potential production as provided in Section 7 below; or (C) both.

        **5.4**    If Phillips provides Paragon with only a Hit Report pursuant to Section 5.3, the parties shall confer in good faith regarding whether any search term in the Hit Report generates an overly broad, unduly burdensome, or disproportionate number of hits. For purposes of this Forensic Order, any single search term that returns more than 250 results shall be presumed to be overly broad, unduly burdensome, or disproportionate. After reaching a mutual agreement regarding the Hit Report results, or upon Court order if the parties are unable to resolve any disputes after a good-faith conferral, the parties shall then submit the Hit Report to the expert for potential production.

        **5.5**    After receiving the initial production contemplated by this order, Paragon may submit to Phillips one additional set of search criteria that directly relate to the content or a file attribute of information Paragon contends to be Confidential Information or a trade secret located within the Electronic Media, subject to Phillips right to object to the new, modified, or amended search criteria as provided in Section 5.2. The parties will work cooperatively to resolve any unforeseen problems that may arise during the course of the search for ESI and, in the event a discovery dispute arises for which the parties cannot resolve on their own, they may submit the discovery dispute to the Court.

    **6.**    **Investigation and Remediation.** The expert shall investigate and prepare a report addressing: (1) whether any evidence exists suggesting that Potentially Relevant ESI was destroyed, manipulated, obfuscated, concealed, or

removed from Phillips' Electronic Media and, if so, whether the expert can recover or restore such Potentially Relevant ESI; (2) whether the Potentially Relevant ESI contains evidence that Phillips disclosed or transferred any files or information related to Paragon or Reel Media to SPG or a third party; (3) whether any information Paragon contends to be Confidential Information or a trade secret related to Paragon or Reel Media was accessed, printed, or modified, or used and the basis for that conclusion. The expert also shall remediate any files or information related to Paragon or Reel Media from Electronic Media if Paragon requests it and either: (A) Phillips to whom the Electronic Media belongs consents to the remediation; or (B) the Court orders it.

7. **Review and Production.** If Phillips requests the expert to produce ESI returned by searches as provided in Section 5.3 after modification as provided in Section 5.4, then Phillips may review the search results for relevance and privilege before production. Phillips must complete this pre-production review within no more than ten (10) business days if the production file count is less than 1,500 and within no more than fifteen (15) business days if the production file count is greater than 1,500 after Phillips authorizes the production or the Court rules on a discovery dispute submitted to the Court pursuant to Section 5.4. The expert shall promptly produce to the requesting party all documents or ESI resulting from a search that the producing party elected not to subject to pre-production review or, after the responding party's pre-production review is completed, the remaining search results subject to any appropriate redactions or withholding by the producing party.

8. **Form of Production.** Unless otherwise stipulated to by the parties, requested by a party-retained digital forensics expert, or as ordered by the Court, Phillips shall cause to be produced or authorize the expert to produce to Paragon the production set in Relativity-compatible load-ready form, specifically:

**8.1**  All documents and ESI except for the file types specified in Section 8.2 shall be produced in single page, Bates-label endorsed, Group IV, 300+ DPI tagged image file format (.tif) or, if color is material to the document or ESI, in .jpg image file format, with any hidden comments and redlining visible.

**8.2**  All electronically stored spreadsheets, video, audio, multimedia, presentations (e.g. PowerPoint), and other electronic file types not amenable to imaging and that do not require redaction shall be produced in native file format with the metadata fields in Section 8.3 included if available for that file.

**8.3**  Each production should include corresponding extracted text files (to preserve searchability), image cross-reference files in OPT format (to identify the first and last pages of the original document), and a DAT load file (to preserve metadata).  The DAT load file should include the following fields and metadata, or their nearest functional equivalents, to the extent such metadata is available: Begin_Bates, End_Bates, Begin_Attach_Bates, End_Attach_Bates, Custodian, All_Custodians, DateTime_Sent, DateTime_Received, Email_From, Email_To, Email_CC, Email_BCC, Email_Subject, Title, Author, DateTime_Created, DateTime_Modified, DateTime_Accessed, DateTime_Printed, File_Name, File_Extension, File_Type, File_Size, File_Paths; Page_Count, Message_ID, Conversation, Participants, Hash_Value, Time_Zone_Field, Production_Volume, Native_Path_Link, OCRPath, Confidential_Designation, and Has_Redactions.

**8.4**  All ESI should be processed in Coordinated Universal Time (UTC).

**8.5**  Text messages and similar short message ESI (e.g. Slack, Teams, etc.) shall be processed before search, review, and imaging into Relativity Short Messaging Format ("RSMF").

**8.6** Document families (e.g. a parent email and any attachments) shall be kept together in a production, such that each parent document is produced with and immediately followed in the production by its child attachments. Privileged members of a document family may, however, be replaced in the production with a placeholder image slipsheet stating the reason for its withholding (e.g. "Placeholder: Privileged Document Withheld").

**8.7** Phillips may redact privileged or otherwise legally protected information (e.g. personal identifiable information protected by Fed. R. Civ. P. 5.2) from documents and ESI before production; however, Phillips shall not redact relevant or responsive documents or ESI on the basis that portions of that document or ESI are not relevant or non-responsive.

**8.8** ESI files produced from Phillips' Electronic Media pursuant to this Forensic Order shall be assigned and identifiable by unique, sequential production Bates numbers, with the starting Bates number in the produced filename and, for imaged documents and placeholders, Bates numbers branded in the right footer of each imaged page. The production should begin with a unique prefix specific to the Electronic Media from which the ESI was produced and be followed by 6 placeholder digits. Where appropriate (e.g. for privilege logging), unproduced ESI files lacking Bates numbers may be identified instead by unique control numbers, DocIDs, or hash values that do not reveal the substantive content of the file.

**9.** **Documentation by Expert.** The expert shall document and maintain an inventory of the Electronic Media that was identified, requested, and either Forensically Collected or collected by another forensic examiner and transmitted to the expert, as well as ESI that was Forensically Collected from such Electronic Media. The expert may provide such inventories to counsel for the parties upon request or as otherwise needed to comply with this Forensic Order. The expert

also shall document the steps he or she took and any findings he or she made during either the Forensic Collection of any of Phillips' Electronic Devices, the search for Potentially Responsive ESI, and the investigation and attempted recovery or remediation of ESI. Pursuant to Fed. R. Evid. 706, the expert must advise the parties of any findings he or she makes, may be deposed by any party, and may be called to testify or be cross-examined by the Court or any party.

10. **No Privilege Waiver.** Nothing in this Forensic Order shall require disclosure of information which is protected by the attorney-client privilege, work product doctrine, or other privilege or immunity from discovery. The disclosure of any privileged or work-product protected documents or ESI, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any federal or state proceeding. This Forensic Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d), shall supersede the tripartite non-waiver elements of Federal Rule of Evidence 502(b), and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S.C. § 1738. In the event of any conflict of law, the law that is most protective of privilege shall apply.

11. **Privilege Logging.** To reduce the costs and burdens associated with privilege logging, in lieu of providing a narrative privilege log, Phillips may submit or authorize the expert to submit to Paragon a simple metadata log of ESI redacted or withheld from production. The metadata log should contain the same DAT metadata fields described in Section 8.3 of this Forensic Order to the extent the metadata is available, plus a field identifying the applicable privilege or work product claim (e.g. "Attorney Client Communication Privilege" or "Attorney Work Product"), except the log may be redacted to the extent that such information would reveal information protected by work product protection or

any applicable privilege. Such a metadata log will be deemed sufficient to comply with Fed. R. Civ. P. 26(b)(5)(A).

**12.  Allocation of Costs.**  Paragon shall pay the expert's fees and costs, subject to its right to seek recoupment of such fees as a taxable cost pursuant to 28 U.S.C. § 1920 if the expert determines that Phillips used or disclosed any Potentially Relevant ESI other than the initial transmission of the email from his Paragon email account to his personal gmail account.

**13.  Miscellaneous**.

13.1.  Nothing in this Forensic Order shall serve to limit a party from retaining or using its own experts.

13.2.  Nothing in this Forensic Order shall serve to waive any party's rights to object to the admissibility of any evidence at a hearing or trial in this matter.

13.3.  Nothing in this Forensic Order shall be construed or presented as a judicial determination that documents or information assigned a Confidentiality Designation are in fact confidential or subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

13.4.  The parties may extend or modify any deadline set by this order by written mutual agreement.

ENTERED in Fort Myers, Florida on March 10, 2025

*/s/ Kyle C. Dudek*
Kyle C. Dudek
United States Magistrate Judge