UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PARAGON INSURANCE
HOLDINGS, LLC,

    Plaintiff,

  v.

                                      Case No. 2:25-CV-54-SPC-KCD

CHRISTIAN PHILLIPS,

    Defendant,

## ORDER

Before the Court is Plaintiff Paragon Insurance Holdings, LLC's Time Sensitive Motion to Compel Forensic Collection of Electronic Media. (Doc. 36.)[1] Defendant Christian Phillips has responded in opposition. (Doc. 38.) For the reasons below, the motion is **DENIED**.

Paragon is a general underwriter that "specializes in contingency insurance." (Doc. 1 ¶¶ 1-2.) Phillips used to lead its contingency insurance practice. (*Id.* ¶ 3.) Because he had "access to and use of Paragon's trade secrets and valuable confidential business information," his employment agreement "included certain covenants . . . to protect that confidential business and trade secret information." (*Id.* ¶ 20.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

For instance, Phillips promised not "to disclose or use any" of Paragon's confidential information or trade secrets "for any purpose other than as may be appropriate in the ordinary course of performing [his] duties and responsibilities." (*Id*. ¶ 22.) He also agreed not to "engage in any work that created an actual, potential or perceived conflict of interest with Paragon" during his employment. (*Id*. ¶ 25.)

In December 2024, Phillips left Paragon to lead the contingency insurance practice at Specialty Program Group (SPG), "a competing managing general underwriting firm." (*Id*. ¶¶ 6, 53.) According to Paragon, Phillips stole its confidential information and trade secrets on his way out the door. (*Id*. ¶¶ 7-8, 37-46.) This suit followed.

At the outset of the litigation, Paragon moved to enjoin Phillips from using its confidential information and contacting its clients. (*See* Doc. 2 at 25.) To prepare for a hearing on that motion, the parties agreed to perform "an expedited independent forensic examination of electronically stored information (ESI)" in Phillips' "possession, custody, or control." (Doc. 33 at 1.) The parties also "carefully negotiated" a protocol governing this examination. (Doc. 30 at 3.) At the parties' request, the Court entered an order adopting their protocol. (*See* Doc. 33.)

The Order directs Phillips to begin the process by identifying all of his "electronic media." (Doc. 33 ¶ 3.) "Electronic media" includes:

> [A]ny electronic or digital device or account that is or was at any time after June 1, 2024, in Phillips' possession, custody, or control *that contains or contained Potentially Relevant ESI* . . .

(*Id.* ¶ 1.1 (emphasis added).) "Potentially Relevant ESI" is defined as:

> ESI within the scope of permissible discovery as provided within Federal Rule of Civil Procedure 26 that Paragon *contends to be trade secrets or "Confidential Information"* (as defined in Phillips' Employment Agreement).

(*Id.* ¶ 1.2 (emphasis added).)

According to Paragon, Phillips identified three sources of electronic media in his possession, custody, or control: his iPhone, Gmail, and iCloud account. (Doc. 36 at 6.) But it believes Phillips should also have identified (1) his SPG laptop, (2) SPG's forensic scan of the laptop, (3) his "text messages and short messaging applications," and (4) the messages he sent through his LinkedIn account. (*Id.* at 10.) Paragon now moves to compel their production pursuant to Rule 26 of the Federal Rules of Civil Procedure and paragraph 4.1 of the Court's Order. (*Id.* at 8-10.)

"Federal Rule of Civil Procedure 26 generally controls discovery in civil cases." *Michaels v. Embry-Riddle Aeronautical Univ. Inc.*, No. 6:23-CV-1527-WWB-RMN, 2024 WL 3639452, at *1 (M.D. Fla. June 17, 2024). It provides that "[u]nless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's

3

claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).

But that's not the only standard at play here. As noted above, the parties "carefully negotiated" a protocol to govern their expedited forensic examination of ESI in Phillips' "possession, custody, or control." (*See* Docs. 30, 30-1, 33.) Paragraph 4.1 of the Order adopting that protocol states that Paragon may move for the "[f]orensic [c]ollection of any [e]lectronic [m]edia that Phillips does not identify **upon a showing of good cause** to the Court that such [e]lectronic [m]edia **contains [p]otentially [r]elevant ESI**." (Doc. 33 ¶ 4.1 (emphasis added).) Thus, to obtain the documents it seeks, Paragon must show that Phillips failed to identify electronic media that (1) is discoverable under Rule 26 *and* (2) contains potentially relevant ESI in the form of Paragon's confidential information or trade secrets. (*Id.* ¶¶ 1.2, 4.1.); Black's Law Dictionary (12th ed. 2024) (defining "good cause" to mean "[a] legally sufficient reason" or "the burden placed on a litigant to show why a request should be granted[.]").

Paragon contends there is good cause to order the production of Phillips' SPG laptop and the forensic scan of that device because the forensic report suggests he may have used it to access two of Paragon's documents. (*See* Doc. 36 at 11-12.) Even if that's true, Paragon has not shown that those documents contain potentially relevant ESI, which as noted, is defined as trade secrets

4

and confidential information. To state the obvious, not every document in its system will be confidential or contain trade secrets. If the documents share characteristics of other documents in Paragon's system (as Paragon suggests), one would think that Paragon should have some insight into their contents. But the motion is silent on this matter.

For his part, Phillips tells the Court that neither document belongs to Paragon. (*See* Doc. 38 at 6-7.) According to him, one "is a list of stock grants that [he] received from" his former employer, and the other is a document that was saved to the laptop's shared drive by other SPG personnel "before [he] began working" there. (*Id.*) Paragon argues that the Court should not take Phillips at his word but should order production so it may "test the validity of [his] representations." (Doc. 36 at 11.) But that's a proposal for a fishing expedition, not a showing of good cause to compel production of these items under the terms of the parties' "carefully negotiated" forensic examination protocol. (Doc. 30 at 3, *see* Doc. 33 ¶¶ 1.1, 1.2, 4.1.) At bottom, Paragon has not shown that the documents belong to it, let alone that they contain potentially relevant ESI.

Paragon next argues that "[e]ven if the[] documents [that were opened on Phillips' SPG laptop] do not contain trade secret[s] or confidential information, they are relevant because they demonstrate the exact kind of disclosure of Paragon's confidential and trade secret information that Paragon

5

filed suit to protect." (*Id.* at 12.) Although relevance is generally the touchstone of discovery under Rule 26, the Order adopting the parties' forensic examination protocol requires Paragon to do more than show the relevance of the device or account at issue. (*See* Doc. 33 ¶¶ 1.2, 4.1.) Under the terms of that "carefully negotiated" protocol, Paragon must also show that there is "good cause" to believe the device or account contains potentially relevant ESI in the form of its confidential information or trade secrets. (Doc. 33 ¶¶ 1.1, 1.2, 4.1.) Because Paragon has not done this, the ultimate relevance of Phillips' laptop and the forensic scan of that device is immaterial.

 Two more things before we turn to Phillips' messages. First, Paragon argues that he was required to produce the scan of his laptop because "the forensic protocol mandates that [a]ny electronic [m]edia that has already been Forensically Collected by Phillips or Phillips' counsel or agent shall be submitted to the expert." (Doc. 36 at 12.) But that assumes there is good cause to believe the laptop "contains or contained Potentially Relevant ESI." (Doc. 33 ¶¶ 1.1, 4.1.) Since Paragon has not shown that is the case, the scan is not "electronic media," and Phillips need not turn it over. Second, while Phillips' use of the scan to oppose injunctive relief may suggest that the document is relevant, that alone does not satisfy Paragon's burden. (*See* Doc. 33 ¶¶ 1.1, 1.2, 4.1, *see also* Doc. 36 at 12.) Accordingly, Paragon has not met its burden to compel production of Phillips' laptop or SPG's scan of the device.

With that, the Court turns to Phillips' messages. Although Paragon boldly asserts that the messages "clearly contain Potentially Relevant ESI," it never suggests—let alone provides good cause to believe—that they hold discussions of its trade secrets or confidential information. (*See* Doc. 36 at 13-14.) More to the point, Paragon admits that it does not know what is discussed in Phillips' LinkedIn messages. (*See id.* at 13 ("Paragon received no less than six (6) notifications that Phillips was receiving business messages through LinkedIn during the time immediately before or soon after [his] departure from Paragon ***but is unable to review the message contents***.")). And Paragon appears to be equally ignorant of the contents of Phillips' short-chain messaging and texting applications. As a result, Paragon has not shown good cause to believe the messages contain potentially relevant ESI.

In a final effort to obtain the messages, Paragon argues that they should be produced because Phillips used them to oppose its motion for a preliminary injunction. (*See id.* at 14.) Again, while that may suggest the messages are relevant, relevance alone does not satisfy Paragon's burden given discovery has not opened and we are operating under the parties' agreement. *See* Fed. R. Civ. P. 26(d).

As the party seeking production, Paragon needed to show "good cause" for the Court to believe the devices, accounts, and messages it seeks contain potentially relevant ESI–i.e., its confidential information or trade secrets. (*See*

7

Doc. 33 ¶¶ 1.2, 4.1.) Paragon has not met its burden. While the items it seeks *may* be relevant, the parties "carefully negotiated" a protocol governing the scope of expedited discovery requires Paragon to show more to compel production of documents that Phillips has not identified. (Doc. 33 at 1, *see* Doc. 36 at 1-2.) Having adopted that protocol at the parties' request, the Court will "limit" the scope of this preliminary discovery to align with that order. Fed. R. Civ. P. 26 (b)(2)(C)(iii). Because Paragon wants to fish in waters outside of the scope of the parties' protocol, its motion must be denied.

Two final issues. First, in his response, Phillips asks the Court to issue a protective order. (Doc. 38 at 16.) "[I]t is improper to seek affirmative relief in a response brief. This requirement isn't a mere administrative exercise. It ensures all parties—and, crucially, the Court—are aware of such requests and able to respond in full." *Couture v. Noshirvan*, No. 2:23-CV-340-SPC-KCD, 2024 WL 2855094, at *1 (M.D. Fla. May 6, 2024). So, the Court will deny this request. Second, the Court declines to award fees because it finds Paragon's motion (although unsuccessful) was substantially justified. *See Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) ("[D]iscovery conduct should be found substantially justified under Rule 37 if it is a response to a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.").

Accordingly, it is now **ORDERED**:

8

1. Plaintiff Paragon Insurance Holdings, LLC's Time Sensitive Motion to Compel Forensic Collection of Electronic Media (Doc. 36) is **DENIED**.

2. Paragon's Motion for Leave to File Reply in Further Support of its Time Sensitive Motion for Forensic Collection of Electronic Media (Doc. 40) is **DENIED as MOOT**.

**ENTERED** in Fort Myers, Florida on April 3, 2025.

Kyle C. Dudek
United States Magistrate Judge