UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PARAGON INSURANCE
HOLDINGS, LLC,

    Plaintiff,

v.                                                                          Case No.: 2:25-cv-54-SPC-KCD

CHRISTIAN PHILLIPS,

    Defendant.
                                  /

## OPINION AND ORDER

Before the Court is Defendant Christian Phillips' Motion to Dismiss Counts IV and V. (Doc. 26). Plaintiff Paragon Insurance Holdings, LLC filed a response in opposition (Doc. 45), so the motion is ripe for review. For the below reasons, the Court denies Defendant's motion.

This is a trade secret misappropriation case.[1] Plaintiff is a managing general underwriter that specializes in contingency insurance. From April 2021 to December 2024, Defendant led Plaintiff's contingency-insurance practice. As part of his employment, Defendant entered into an employment agreement, which included a covenant not to share trade-secret information, a

---

[1] The Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to" Plaintiff. *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009).

one-year non-solicitation agreement, and a one-year noncompete if he left the company. Despite the agreement, months before his departure, Defendant began a scheme to steal Plaintiff's confidential and trade-secret information.

Throughout the latter half of 2024, Defendant sent confidential and trade secret information necessary to start a competing program to his personal email account. Defendant also worked with his son, Lewis Phillips, to bring Plaintiff's customers with him to a competing business once he ended his employment with Plaintiff. Only a few days after departing from Plaintiff, Defendant announced he was taking over as the managing director of Specialty Program Group's ("SPG") contingency-insurance program. Plaintiff believes Defendant is using its confidential and trade-secret information at SPG to directly compete with Plaintiff.

Plaintiff filed suit and brings several claims against Defendant, including breach of contract (count I), misappropriation of trade secrets under the Defend Trade Secrets Act (count II), misappropriation of trade secrets under the Florida Uniform Trade Secrets Act ("FUTSA") (count III), breach of the fiduciary duty of loyalty (count IV), and tortious interference with a business and contractual relationship (count V). (Doc. 1). Defendant moves to dismiss counts IV and V, arguing the FUTSA partially preempts count IV, and the "stranger" doctrine bars count V. (Doc. 26).

First up is Plaintiff's breach of fiduciary duty claim (count IV). Plaintiff alleges that Defendant owed it a duty of loyalty, which he breached by "devising and implementing a scheme whereby he and Lewis Phillips would (1) steal [Plaintiff's] confidential information and trade secrets over the course of several months; (2) resign simultaneously from [Plaintiff]; (3) improperly and unlawfully take the contingency insurance business to a competitor; and (4) utilize [Plaintiff's] resources, confidential drafts, and client information to later unfairly compete with [Plaintiff]." (Doc. 1 ¶ 121). Defendant further breached his duty of loyalty by "improperly using [Plaintiff's] sensitive, proprietary, confidential information and trade secrets to solicit and steal customers, contacts, and opportunities from [Plaintiff] while he was still employed by [Plaintiff]." (*Id.* ¶ 122). Defendant argues the FUTSA partially preempts this claim.

The FUTSA preempts "conflicting tort, restitutory, and other law of [Florida] providing civil remedies for misappropriation of a trade secret." Fla. Stat § 688.008(1). The Act does not apply to "civil remedies that are not based upon misappropriation of a trade secret." *Id.* § 688.08(2)(b). Thus, the preemption determination turns on "whether allegations of trade secret misappropriation alone comprise the underlying wrong; if so, the cause of action is barred by § 688.008." *Carlwood Safety, Inc. v. Wesco Distrib., Inc.*, 446 F. Supp. 3d 970, 977 (M.D. Fla. 2020) (citation omitted). In other words,

when a plaintiff brings a FUTSA claim, an additional tort claim survives only if there are "material distinctions between the allegations comprising the additional torts and the allegations supporting the FUTSA claim." *Nat'l Staffing Sols., Inc. v. Ascendo Res., LLC*, No. 6:23-CV-1542-CEM-LHP, 2024 WL 5298642, at *3 (M.D. Fla. Aug. 1, 2024) (citation omitted); *see also Allied Portables, LLC v. Youmans*, No. 2:15-CV-294-FTM-38-CM, 2016 WL 259548, at *3 (M.D. Fla. Jan. 21, 2016) ("If other torts involve the same underlying factual allegations as the claim for trade secret misappropriation . . . they will be preempted.).

    Plaintiff alleges that Defendant breached his fiduciary duty of loyalty by using Plaintiff's trade secrets to solicit and steal customers, contacts, and opportunities from Plaintiff and as part of a scheme to unfairly compete with Plaintiff. (Doc. 1 ¶¶ 121–22). The crux of Plaintiff's claim is Defendant's solicitation and his scheme to unfairly compete. Thus, the alleged use of Plaintiff's trade secrets "is a subsidiary allegation in support of [Plaintiff's] claim, not its main factual basis." *Audiology Distrib., LLC v. Simmons*, No. 8:12-CV-02427-JDW, 2014 WL 7672536, at *10 (M.D. Fla. May 27, 2014). Courts routinely allow claims like Plaintiff's to proceed beyond the pleadings. *See, e.g.*, *Measured Wealth Priv. Client Grp., LLC v. Foster*, No. 20-CV-80148, 2020 WL 3963716, at *6 (S.D. Fla. July 13, 2020) (finding the FUTSA did not preempt a breach of fiduciary duty claim where the claim included additional

4

allegations that the defendant utilized trade secrets while still employed with the plaintiff to poach clients); *Simmons*, 2014 WL 7672536, at *10 (finding the FUTSA did not preempt the plaintiff's breach of fiduciary duty claim because "misappropriation alone does not comprise the entirety of the underlying wrong"); *Nat'l Staffing Sols.*, 2024 WL 5298642, at *4 (finding the defendant's "solicitation of Plaintiff's employees is factually distinct from the conduct alleged" in the trade-secret misappropriation claim).

Defendant implores the Court to dismiss Plaintiff's breach of fiduciary duty claim "to the extent" it relies on trade-secret misappropriation. He relies largely on *Taubenfeld v. Lasko*, in which the plaintiff brought a conversion claim for its stolen trade secrets, among other physical assets. 324 So. 3d 529, 543 (Fla. Dist. Ct. App. 2021). The *Taubenfeld* court held that "*to the extent* the conversion claim encompasses a claim for misappropriation of trade secrets, such claim is preempted by the FUTSA." *Id.* (emphasis added). There, the stolen trade secrets were a central and distinct basis of the conversion claim.[2] But here, Plaintiff alleges its stolen trade secrets were merely a tool Defendant employed to facilitate his tortious conduct — soliciting Plaintiff's customers and colluding to unfairly compete. Similarly, in *Agostinacchio v.*

---

[2] The same is true for another case Defendant cites—*Pelfrey v. Mahaffy*—in which the court held that the conversion claim "is preempted by FUTSA to the extent that [counterclaimant] is alleging theft of the same property that it characterizes as "Confidential" and/or constituting "Trade Secrets[.]" No. 17-CV-80920, 2018 WL 3110797, at *3 (S.D. Fla. Feb. 7, 2018).

*Heidelberg Engineering, Inc.* (another case Defendant relies on), the court held the FUTSA preempted the breach of fiduciary duty claim to the extent that it repeated the boilerplate allegations in the FUTSA claim. No. 0:18-CV-60935-UU, 2019 WL 3243408, at *8 (S.D. Fla. Feb. 5, 2019). As discussed, Plaintiff's breach of fiduciary duty claim does not include a boilerplate misappropriation claim.

Unlike in *Taubenfeld* and *Agnostinacchio*, a partial preemption is unwarranted. In fact, another court rejected a position much like Defendant's. *See Jabil, Inc. v. Essentium, Inc.*, No. 8:19-CV-1567-T-23SPF, 2020 WL 10353824, at *4 (M.D. Fla. May 29, 2020) (finding the defendant's position that the non-FUTSA claims were "partially premised" on trade-secret misappropriation was a concession that the claims were not based on trade-secret misappropriation *alone* and thus not preempted). So count IV survives.

Next, Defendant moves to dismiss Plaintiff's tortious interference with a business and contractual relationship claim (count V). Plaintiff alleges that it possessed business and contractual relationships with several insurance brokers, with which Defendant interfered by taking steps to ensure Plaintiff could not maintain those relationships after his departure. These steps included redirecting communications to himself; seeking to move a specific program (with which these brokers worked) to SPG and misrepresenting his authority to do so; misrepresenting that Plaintiff was "moving to a new home"

6

(when only Defendant was moving on); and providing one of Plaintiff's brokers a list of capable, alternative underwriters. (Doc. 1 ¶¶ 136–40). Defendant does not assert that Plaintiff failed to plausibly allege the elements of a tortious interference claim. Rather, Defendant maintains that the claim fails because he was not a stranger to the contracts or the business relationships.

To maintain a tortious interference claim, the defendant generally must be a stranger (or third-party) to the contract or business relationship. *See Essex Cap. Grp., Inc. v. Warnell*, No. 8:24-CV-0529-KKM-LSG, 2024 WL 4956731, at *3 (M.D. Fla. Dec. 3, 2024) ("For the interference to be unjustified, the interfering defendant must be a third party, a stranger to the business relationship."). This is because non-strangers generally have a "privilege to interfere" with the contract or business relationship to protect their own economic interests. *Hamilton v. Suntrust Mortg. Inc.*, 6 F. Supp. 3d 1312, 1320 (S.D. Fla. 2014). There is an exception to this privilege, however, when "malice is the *sole* basis for the interference—that is, when the defendant is interfering solely out of spite, to do harm, or for some other bad motive." *Warnell*, 2024 WL 4956731, at *3 (citation omitted and emphasis original). In the employee context, a tortious interference claim is actionable when "the [non-stranger] employee acts solely with ulterior purposes and without an honest belief that his actions would benefit his employer." *Escadote I Corp. v. Ocean Three Condo. Ass'n, Inc.*, 307 So. 3d 938, 943 (Fla. Dist. Ct. App. 2020); *see also Alexis*

7

*v. Ventura*, 66 So. 3d 986, 988 (Fla. Dist. Ct. App. 2011) (explaining "an allegation that the defendant was not acting on the employer's behalf or was acting to its detriment satisfies the 'third party' requirement").

Defendant asks the Court to dismiss Plaintiff's tortious interference claim because, as Plaintiff's employee, he was not a stranger to the contracts or business relationships with the brokers, and Plaintiff has not alleged that malice was the sole basis for his purported interference. In general, there does not appear to be any dispute that Defendant is a non-stranger. Indeed, "a tortious interference claim will generally not lie against employees and representatives of contracting entities." *Cox v. CSX Intermodal, Inc.*, 732 So. 2d 1092, 1099 (Fla. Dist. Ct. App. 1999). All the same, Plaintiff has alleged facts suggesting that Defendant sought to ruin Plaintiff's relationships with the brokers on his way out the door, clearing the way for Defendant to take the brokers' business with him to SPG. Accepting Plaintiff's allegations as true, it is difficult to surmise a legitimate reason for Defendant's conduct or how such conduct benefited Plaintiff. So Plaintiff's tortious interference claim survives.

Accordingly, it is now

**ORDERED:**

Defendant Christian Phillips' Motion to Dismiss Counts IV and V (Doc. 26) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on May 12, 2025.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

9