UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PARAGON INSURANCE
HOLDINGS, LLC,

    Plaintiff,

v.                                              Case No.: 2:25-cv-54-SPC-DNF

CHRISTIAN PHILLIPS,

    Defendant.
_____/

## **ORDER**

Before the Court is the parties' Joint Motion for Entry of Agreed Permanent Injunction (Doc. 60). Attached to the motion is an agreed permanent injunction (Doc. 60-1), which the parties ask the Court to enter.[1] The parties also request that the Court retain jurisdiction over enforcement and implementation of the permanent injunction.[2] Upon review of the filings and given the parties' agreement, the Court grants the motion in part.

Accordingly, it is now

**ORDERED:**

---

[1] The Court also construes the motion as a notice of settlement under Local Rule 3.09(a).

[2] The parties' Agreed Permanent Injunction indicates that the Court retains jurisdiction over the parties' related settlement. But they have not asked the Court to approve or adopt the settlement, let alone provided any settlement agreement. So the Court declines to retain jurisdiction over the parties' settlement.

1. The parties' Joint Motion for Entry of Agreed Permanent Injunction is **GRANTED in part.**

2. Pursuant to Federal Rule of Civil Procedure 65, the Court's Preliminary Injunction Order (Doc. 47) is converted into a permanent injunction. Christian Phillips, and those acting in concert or participation with him who receive notice of this injunction, are enjoined from disclosing or using any Confidential Information or trade secrets belonging to Paragon Insurance Holdings, LLC or its subsidiaries or affiliates ("Paragon").

3. "Confidential Information" means non-public information relating to Paragon or its affiliated companies or subsidiaries, including but not limited to, Reel Media, LLC, that Phillips acquired or learned through his employment with Paragon that has value to Paragon, and does not include data or information that (1) has been voluntarily disclosed to the public by Paragon, except where such public disclosure has been made by Phillips without prior written authorization from Paragon; (2) has been independently developed and disclosed by others, as demonstrated through competent written records; or (3) has otherwise entered the public domain through no fault of Phillips.

4. This Injunction is binding upon the parties, and their respective successors, assigns, and heirs, and those acting in concert or participation with them

5. The Court will retain jurisdiction over this action for the purpose of implementing and enforcing this Injunction, and all parties consent to the personal jurisdiction and subject matter jurisdiction of this Court for the purposes of the same.

6. This action is **DISMISSED without prejudice.** If no party files another paper per Local Rule 3.09(b) on or before **January 16, 2026**, then this dismissal will be with prejudice.

7. The Clerk is now **DIRECTED** to deny all pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on December 17, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record